```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

HECTOR ORTIZ,                      :
        Petitioner,                :
                                   :
v.                                 :    Crim. No. 3:97cr48 (AHN)
                                   :
UNITED STATES OF AMERICA,          :
        Respondent.                :

RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

On February 12, 1998, petitioner Hector Ortiz ("Ortiz") pleaded guilty to racketeering and accessory after the fact to murder. On October 1, 1998, the court sentenced him to 360-months imprisonment on the racketeering count and 180-months on the accessory to murder count, the sentences to run concurrently. Ortiz appealed this sentence, and the Second Circuit affirmed. See United States v. Ortiz, 1 Fed. Appx. 18 (2d Cir. 2001).

Now pending before the court are three petitions Ortiz has filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] The second and third pending petitions [docs ## 1346 and 1355] appear to be photocopies of Ortiz's March 8, 2001 petition [doc # 1340] -- a handwritten, two-page document in which Ortiz alleges that he received ineffective assistance of counsel. The court concludes that Ortiz's claims are without merit, and his

---

[1] Ortiz previously filed a § 2255 petition [doc # 1288] on September 30, 1999, but withdrew the petition [doc # 1296] when he learned that the direct appeal of his sentencing was still pending in the Second Circuit. For this reason, the court has not treated the pending § 2255 petitions as successive petitions.

petitions for a writ of habeas corpus [docs ## 1340, 1346, and 1355] are DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Ortiz was a member of the Latin Kings street gang, whose members trafficked drugs and committed numerous other crimes. Ortiz and co-defendant Jesus Colon ("Colon") ran the 223 Ferry Street drug block in New Haven, which sold heroin on a nearly 24-hour basis. Seven witnesses testified at the 1998 trial of four other Latin King gang members or otherwise provided the government with information that Ortiz took over the drug block in August 1996, when Colon went to prison, and distributed Colon's share of the block's proceeds to Colon's family members. The government intercepted conversations in which Ortiz provided detailed instructions about who would be permitted to sell drugs on the block after Ortiz left for a trip to Puerto Rico.  The following day, agents and officers executed search warrants for 223 Ferry Street; the search yielded significant quantities of heroin and cash.  Ortiz stayed in contact with Colon while the latter was in prison, and in December 1996, just days after Colon was released, Colon shot and killed Ronald Foreman ("Foreman") to assert his control over the drug block.  Ortiz allowed Colon to stay in his home after the murder.

A grand jury returned an indictment against Ortiz and many of his confederates, charging him with racketeering and being an

accessory after the fact to the murder of Foreman.  After extensive negotiations with the government, Ortiz pleaded guilty to the racketeering and accessory to murder counts on February 12, 1998.  As part of his agreement, Ortiz stipulated that he was responsible for the distribution of between eight and ten kilograms of heroin.

The Pre-Sentence Report ("PSR") placed Ortiz in criminal history category VI, the highest category.  It also failed to credit Ortiz with acceptance of responsibility because he denied that he was a member of the Latin Kings gang and minimized the profits that he earned.  Over defense counsel's objection, the court followed the PSR's recommendations and found the appropriate guideline sentencing range to be 360-months to life imprisonment.  The court sentenced Ortiz to the low end of the guidelines, 360 months.  He appealed his sentence to the Second Circuit, contending that this court 1) should have granted a sentence reduction for acceptance of responsibility; 2) provided inadequate reasons for the sentence; and 3) adopted an erroneously high guidelines range when sentencing Ortiz as an accessory.  See Ortiz, 1 Fed. Appx. at 19.  The Second Circuit affirmed.  Ortiz timely filed his three petitions for a writ of habeas corpus between March 8 and May 3, 2001.

## DISCUSSION

Ortiz's allegations are conclusory and often difficult to

3

comprehend, but his ineffective assistance of counsel claim appears to rest on three broad grounds -- the representation relating to his plea, his sentencing, and his appeal.  Ortiz alleges that his attorney inadequately prepared him for his plea because his counsel (1) had a conflict of interest, which Ortiz does not identify; (2) failed to give him the entire file of the case including "[r]ecord tapes" and "statements," and (3) failed to properly investigate the case.  He also alleges that his counsel provided ineffective assistance for his sentencing because his counsel failed to (1) "accurately and adequately perfect the relevant conduct issue" in the PSR, or (2) object to the court's supposed refusal to permit Ortiz to allocute on his own behalf at sentencing, which left an inadequate record so that Ortiz could not raise the issue on appeal.  Ortiz further contends that his counsel failed to consult him about the issues for appeal.  The government observes that Ortiz has not alleged facts sufficient to support any of these contentions, and that he cannot demonstrate that he has suffered prejudice under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  The court agrees.

Although the court is mindful that pleadings drafted by prisoners without the benefit of counsel are to be liberally construed, <u>see</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993), a petitioner "must set forth specific facts which he is in a position to establish by competent evidence" to be entitled to a

4

hearing, let alone relief on his habeas petition.[2]  See LoCascio v. United States, 395 F.3d 51, 57 (2d Cir. 2005); see also Dalli v. United States, 491 F.2d 758, 761 (2d Cir. 1974)(finding petitioner's statements were too "vague, indefinite and conclusory" to warrant an evidentiary hearing).  This is especially so where, as here, the petitioner seeks to overcome the strong presumption that counsel provides effective assistance.  See Strickland, 466 U.S. at 687.  The Second Circuit has repeatedly "declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised."  See Loliscio v. Goord, 263 F.3d 178, 195 (2d Cir. 2001).  Under Strickland, a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were

---

[2] Ortiz acknowledges in his petition that he cannot read and "only went to the 8th [grade] in high school."  His petition contains a number of sentence fragments and vague statements that are difficult to assemble into a coherent challenge to his conviction and sentencing.  Ortiz has attached to his third petition, as part of his request for representation in seeking habeas relief, an "outline[] . . . for the purpose of identifying . . . ineffective assistance of counsel."  This outline contains 52 items, none of which make more than conclusory allegations of inadequate representation -- e.g., "27) counsel failure of [sic] ineffective representation at sentencing," "43) counsel failure disclosure testimony grand jury [sic]."  The court has reviewed Ortiz's submission, but the outline provides scant detail that would shed light on his claims of attorney ineffectiveness or prejudice to his defense.

made of such serious magnitude that the petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id. Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.  The standard for prejudice is particularly stringent -- a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).

Ortiz's conclusory allegations about the conduct of his counsel do not come close to demonstrating that he suffered actual prejudice in either his plea or his sentencing.  To show prejudice under the Strickland test in the context of a guilty plea, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Ortiz claims that his counsel failed to provide him with "[r]ecord tapes," "statements," or access to his file, but he does not cite any information from his file that, had he known in February 1999, he would not have pleaded guilty.  Likewise, Ortiz states that his counsel should have "properly" investigated the case, but he

6

identifies no avenue of investigation, let alone one that would yield exculpatory evidence, that his counsel should have pursued but did not.  Thus, Ortiz cannot satisfy the prejudice prong of the Strickland test with regard to the representation he received in preparation for his guilty plea.

Ortiz's conclusory statements regarding his counsel's allegedly deficient performance at his sentencing also fail to establish prejudice.  He asserts that his counsel failed to "accurately and adequately perfect the relevant conduct issue" in the PSR.  However, Ortiz does not explain what relevant conduct the PSR may have recorded inaccurately.  Ortiz's reply [doc # 1461] to the government's response does fault his counsel for telling him that he would receive a three-level reduction for acceptance of responsibility under the Sentencing Guidelines if he pleaded guilty.  Ortiz's counsel did object at sentencing to the PSR's recommendation that Ortiz be denied a reduction for acceptance of responsibility.  This court, however, followed the PSR recommendation in determining Ortiz's guideline calculation, and the Second Circuit affirmed this court's decision.  See Ortiz, 1 Fed. Appx. at 19-20.  The accuracy of counsel's prediction to Ortiz about the fate of his attempt to receive credit for acceptance of responsibility obviously had no bearing on the court's decision regarding his sentence, and thus Ortiz

cannot show any prejudice.[3]

Finally, Ortiz appears to contend that his counsel failed to "go over the appeal matter" with him before filing the appeal. Ortiz's contention cannot be that his counsel failed to take an appeal on his behalf, as counsel did prosecute an appeal that raised three separate challenges to his sentencing. See id. at 19. Rather, Ortiz appears to challenge his counsel's alleged failure to consult him about the issues he wished to appeal. However, it is well-established that a defendant has no constitutional right to select which issues his attorney must raise on appeal. See Jones v. Barnes, 463 U.S. 745, 750-51 (1983). In fact, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." See Smith v. Murray, 477 U.S. 527, 536 (1986). In the context of this deference accorded to appellate defense counsel in selecting which issues to pursue on appeal, Ortiz does not identify a single meritorious issue that his

---

[3] To the extent that Ortiz's discursive allegations can be construed as a claim that but for counsel's inaccurate predictions about his sentencing, he would not have pleaded guilty, or he would have withdrawn his guilty plea, this claim must also fail. The Second Circuit has held that a defendant is not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence, and a petitioner may not circumvent this rule by characterizing his claim as one for ineffective assistance of counsel. See United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989).

counsel failed to raise.  He only faults his counsel for failing to consult him, and thus he cannot demonstrate that he suffered an "<u>actual</u> and substantial disadvantage" because of his counsel's performance.  <u>See</u> <u>Frady</u>, 456 U.S. at 170.  As with Ortiz's claims regarding the representation he received for his plea and his sentencing, he cannot demonstrate the prejudice that would warrant relief under <u>Strickland</u> on his ineffective assistance of counsel claim.

<u>CONCLUSION</u>

For the foregoing reasons, Ortiz's petitions for a writ of habeas corpus [docs ## 1340, 1346, and 1355] are DENIED.  Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  <u>See</u> 28 U.S.C. § 2253.

So ordered this 5th day of July, 2006, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　Alan H. Nevas,
　　　　　　　　　　　　　　　　　United States District Judge