UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 3:97CR48(EBB) |
| HECTOR ORTIZ | : | |

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Hector Ortiz ("Ortiz"), moves pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat 2372 (2010) ("FSA") and Amendment 750 ("Amendment 750") to the United States Sentencing Guidelines. That Amendment, which became effective November 1, 2011, made, *inter alia*, retroactive changes to the guideline's drug quantity tables for crack cocaine offenses to account for the FSA's substantial increase in the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b).

For the following reasons, Ortiz's motion [doc # 1691] is DENIED.

DISCUSSION

On February 12, 1998, Ortiz pleaded guilty to a RICO drug conspiracy involving heroin in violation of 18 U.S.C. ss 1962(c) and to accessory after the fact to murder in violation of 18 U.S.C. ss 3. Ortiz was sentenced on October 1, 1998. He received a 360-month sentence on the RICO charge which was based on his stipulated drug quantity of between eight and ten kilograms of heroin, and was at the bottom of his guideline sentencing range of 360-months to life. That range was based on a total offense level of 39 and a criminal history category VI. He also received a 180-month sentence on the accessory to murder conviction which was to run

concurrently to his sentence on the RICO charge.

Ortiz does not qualify for a sentence reduction under § 3582(c)(2) because Amendment 750 only authorizes a sentence reduction for defendants who were convicted of crack cocaine offenses. Ortiz's conviction was based on his possession and distribution of between eight and ten kilograms of heroin. He was not convicted of a crack cocaine offense.

Section 3582(c)(2) and the guideline's policy statements only permit a sentence reduction under Amendment 750 if retroactive application of its reduced § 2D1.1 base offense levels for crack cocaine offenses would result in a lower guideline sentencing range for the offense of a defendant's conviction. See United States v. Perkins, No. 3:98cr45(EBB), 2010 WL 174806 (D. Conn. Jan 12, 2010). That is not the case here because the drug involved in the Rico drug conspiracy of Ortiz's conviction was heroin, not crack cocaine.

## CONCLUSION

For the foregoing reasons, Ortiz's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 1691] is DENIED. Further, because it is readily ascertainable from the record that Ortiz does not qualify for relief under the Fair Sentencing Act and Amendment 750, his motion for appointment of counsel for the purpose of seeking a sentencing reduction pursuant to § 3582(c)(2) [doc. # 1692] is also DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2012 at New Haven, Connecticut.